UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CHRISTOPHER WHEELER, )
)
   Plaintiff, ) Civil Action No. 13-36-HRW
)
V. )
)
BOYD COUNTY, et al., ) **MEMORANDUM OPINION**
) **AND ORDER**
   Defendants. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Christopher Wheeler is an inmate confined at the Boyd County Detention Center in Catlettsburg, Kentucky. Proceeding without an attorney, Wheeler has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] The Court has granted Wheeler's motion to pay the filing fee in installments by prior order.

The Court must conduct a preliminary review of Wheeler's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Wheeler's complaint under a more lenient

standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court must dismiss the complaint, without prejudice to his right to refile it at a later time, because he has filed it prematurely.

In his complaint, Wheeler has sued Boyd County, Kentucky; jailer Joe Burchett; and officer Denny Hareing, alleging that he was attacked by other inmates. [D. E. No. 1, p. 2] In his complaint, Wheeler states that the detention center has a grievance procedure, but candidly acknowledges that he did not complain of the events described in his complaint because he was complaining about the conduct of a guard employed by the jail, and hence feared for his safety. [D. E. No. 1, p. 6]

Federal law requires inmates to exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 1997e(a). When the failure to comply with this requirement is apparent from the face of the complaint, dismissal of the complaint without prejudice is appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed

to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-08-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

While Wheeler acknowledges that he has not yet filed a grievance regarding the incident he complains of, he implicitly contends that he did not do so because he feared retaliation for prison staff. However, it is well-established that the exhaustion required by the PLRA is mandatory, and is not excused by the prisoner-plaintiff's general allegation that he feared retaliation at the hands of prison staff about whose conduct he complains. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997-98 (6th Cir. 2004); *Umstead v. McKee*, No. 1:05-CV-263, 2005 WL 1189605, at *2 (W.D. Mich. May, 19, 2005) (collecting cases); *see also Singh v. Lynch*, 460 F. App'x 45, 47 (2d Cir. 2012).[1] Because Wheeler has not yet exhausted his administrative

---

[1] Indeed, it is difficult to imagine circumstances where the prisoner's fear of retaliation for filing grievances would render such administrative remedies "unavailable" for purposes of the PLRA, where that fear was not sufficient to deter the prisoner from later filing a lawsuit regarding


remedies regarding his claims, the Court must dismiss his complaint, without prejudice, as prematurely filed.

If Wheeler wishes to pursue his claims in Court, he must first exhaust his administrative remedies, as required by federal law, using the prison's grievance procedure. Once he has done so, he may file a new complaint regarding his claims. Wheeler is advised that if he files a new complaint raising the same claims presented here, he will not incur a second filing fee. *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

Accordingly, **IT IS ORDERED** that:

1. Christopher Wheeler's complaint [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This action is **STRICKEN** from the active docket.

Entered March 25, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

---

the same events, an act one would assume to be far more likely to precipitate retaliation.